MCLESTER V STATE




NO. 07-01-0060-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 15, 2001



______________________________




MARK ANTHONY SAWYER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 35,991-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In this proceeding, appellant Mark Anthony Sawyer seeks to appeal an adjudication
of guilt for the offense of aggravated assault after the trial court found he violated the terms
of his community supervision. Finding no merit to this appeal, we affirm.

 Appellant's original plea of guilty was made on May 3, 1996. The court deferred
adjudication of appellant's guilt conditioned on four years community supervision under
conditions set out by the court. The State filed motions to adjudicate appellant's guilt on
September 24, 1996, November 26, 1997, November 16, 1998, and October 11, 2000. On
each occasion, appellant plead true to one or more of the State's allegations. After the
first three hearings, the trial court continued appellant's community supervision, modifying
the applicable conditions.

 At the January 19, 2001 hearing on the State's fourth motion, the trial court granted
the motion, adjudicated appellant guilty and sentenced him to five years confinement in
the Institutional Division of the Texas Department of Criminal Justice. Appellant's retained
counsel filed a notice of appeal on January 31, 2001. 

 On June 4, 2001, appellant's counsel filed a brief in which he has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969), he has diligently
reviewed the record and determined that, in his opinion, the record reflects no reversible
error or grounds upon which an appeal can be predicated. Thus, he concludes, the appeal
is without merit and is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App. 1978), counsel has analyzed the record, made references to the record,
and candidly discussed why, under the controlling authorities, there is no error in the
court's judgment. 

 Counsel has certified that he has served a copy of the brief on appellant and
informed him that, in counsel's view, the appeal is without merit. He has also attached a
copy of a letter by which he notified appellant of his right to review the record and to file
a pro se brief if he wishes to do so. See Johnson v. State, 885 S.W.2d 641, 646
(Tex.App.--Waco 1994, writ ref'd). Appellant has not filed a pro se brief, but on June 25
wrote to this court expressing an interest in withdrawing his appeal and having counsel
appointed if necessary. By letter dated June 29 from the court clerk, we informed
appellant of his right to file a motion to dismiss the appeal, and that if he chose not to
dismiss the appeal, we would conduct an independent examination of the record for
arguable points of error and remand for appointment of counsel if necessary. Id. at 647. 
On August 14, 2001, appellant again wrote to the court expressing a desire to dismiss his
appeal, but no motion to dismiss was tendered for filing.

 We initially note that the record indicates appellant's counsel was retained. When
retained counsel concludes that an appeal lacks merit, they are obligated to inform the
client of this conclusion and refuse to prosecute the appeal. Id. at 645. However, the
decision to withdraw from retained representation does not invoke federal constitutional
concerns. The procedural safeguards outlined in the Anders cases apply only to an
appointed attorney representing an indigent defendant on a first appeal by right. Id.
Nevertheless, we have also made our own careful examination of the record to determine
if there are arguable grounds which might support the appeal. See Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with
counsel that the appeal is without merit and is, therefore, frivolous. Johnson, 885 S.W.2d
at 647. Accordingly, the judgment of the trial court is affirmed. We also grant counsel's
motion to withdraw.


 John T. Boyd

 Chief Justice


Do not publish.



en="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-09-0315-CV

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                              MARCH
23, 2010

                                            ______________________________

 

                                                             BYRON
MORGAN, 

 

Appellant

 

                                                                             v.

 

                                             D&S
MOBILE HOME CENTER, INC., 

 

Appellee

                                         _________________________________

 

                       FROM
THE 47th DISTRICT COURT OF RANDALL COUNTY;

 

                                     NO.
61517-A; HON. HAL MINER, PRESIDING

                                           _______________________________

 

                                                                       ORDER

                                           _______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.








            Appellant Byron Morgan appeals from
a final judgment of the trial court. 
Appellant timely perfected this appeal by filing notice of appeal on
September 22, 2009.  Subsequently,
counsel for appellant has asked for and received an extension of time in which
to file appellants brief.  On March 16,
2010, this Court received appellants second motion for extension of time in
which to file the brief wherein an additional thirty days was requested.  Counsel cited as good cause for the second
extension that part of the court reporters transcript for a hearing has not
been filed with this Court.  Appellee
opposes this motion.

            We hereby grant appellant an
additional twenty-one days in which to file his brief and order Ronald T. Spriggs, SBN 00792853, 1011 S. Jackson, Amarillo
Texas, 79101, to prepare and file a brief in this cause
on behalf of his client, Byron Morgan, in compliance with the Texas Rules of
Appellate Procedure.  Mr. Spriggs is further ordered to file said brief with the
clerk of this Court at 501 S. Fillmore, Suite 2-A, Amarillo, Texas, in a manner
assuring that it will be personally received by said clerk on or before 5:00
p.m. on April 12, 2010.  Failure to
comply with this directive will result in the dismissal of the appeal for the
failure to prosecute it.

 

                                                                                    Per
Curiam